UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY JON IRBY,

        Plaintiff,

v.

SKAGIT COUNTY, et al.,

        Defendants.

Case No. 2:18-cv-01035-JLR-BAT

**REPORT AND RECOMMENDATION**

On July 12, 2018, Plaintiff Terry Jon Irby, proceeding *pro se*, filed a complaint and application to proceed *in forma pauperis* ("IFP"). Dkt. 1. Plaintiff was notified that his IFP application is deficient as it does not include his prison trust account statement for the past six months but he has failed to cure this deficiency. In addition, Plaintiff has incurred three "strikes" under 28 U.S.C. § 1915(g) and after reviewing Plaintiff's complaint, the Court concludes that Plaintiff has not shown he is under imminent danger of serious physical injury.

Accordingly, the Court recommends the plaintiff's IFP application be denied and that he be directed to pay the $400.00 filing fee and if he fails to do so, that his case be dismissed.

**BACKGROUND**

Plaintiff is incarcerated at the Skagit County Justice Center ("SCJC"). He alleges his Eighth Amendment right to privacy is being violated because he is under constant camera surveillance in his cell. He claims the SCJC manual instructs prisoners to turn their back to the

REPORT AND RECOMMENDATION - 1

cameras while undressing as prisoners are not issued any underwear. He also alleges that his First Amendment rights to access the courts are being violated because the SCJC requires prisoners to use an electronic "S-Phone for all communications including grievances and to access library materials, and he does not know how to use the system. He claims three deputies have given him instructions on use of the system, but the instructions were confusing and now they will no longer give him instructions. He also alleges that on June 12, 2018, he wrote a PREA complaint (alleging voyeurism) on a brown paper bag, but the complaint was rejected. Dkt. 1-1 at 3. Plaintiff seeks $3 million in damages, removal of the cell camera, and "restoration" of his First Amendment rights. *Id.* at 4.

By letter dated July 16, 2018, the Clerk notified plaintiff that his IFP application was deficient as it did not include his prison trust account statement for the past six months. Dkt. 2. Plaintiff was given until August 15, 2018 to correct the deficiency. *Id.* On July 23, 2018, Plaintiff wrote a letter to the Clerk requesting that the Clerk telephone the account department at SCJC to obtain the information as Plaintiff is computer illiterate and cannot access the information through the "S-Phone Electronic computer type device" to obtain his account information. Dkt. 4. On July 26, 2018, Plaintiff wrote a second letter to the Clerk advising that there are at least "three to four or more" prisoners, who have been unable to access their account statements either through the S-Phone system or through the US Mail, and he again asked the Clerk to contact SCJC directly to obtain his account information. Dkt. 5.

On August 8, 2018, Plaintiff filed a proposed motion, asking the Court to waive his "indigency filing fees." Dkt. 6. He claims that "some plaintiffs' have waited up to three months expecting an account balance" but the "entity" is converting these requests into public disclosure requests that come at a price. *Id.* at 2. Plaintiff attaches to his motion, a letter dated July 24, 2018

REPORT AND RECOMMENDATION - 2

from Skagit County asking Plaintiff to specify what type of accounting statement he needs and a letter dated July 27, 2018 from Skagit County noting that Plaintiff has not replied to the request for clarification and that further time will be needed to research and complete his request. Dkt. 6 at 5 and 7.

On August 13, 2018, Plaintiff filed another deficient IFP application, another proposed complaint and motion for preliminary injunction. Dkt. 7. Plaintiff's claims are the same as those stated in the proposed complaint he filed in July, but in this latest version, he expands on his claims. For example, in this version, with regard to his claim that he is under camera surveillance and believes that officers are engaging in voyeurism, he alleges he suffers from chronic depression, anxiety attacks, and a heightened sense of paranoia, so that he can no longer tolerate the private intrusion of the camera "his suicidal thoughts kick in. Chronically suicidal last attempt 4-9-17 Clallam Bay Corrections Center." He states that he is under "imminent danger of serious physical injury, 28 U.S.C. 1915(g) each day the camera was making me paranoid suicidal! A threat hanging over my head." Dkt. 7-1 at 9.

## DISCUSSION

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, governs IFP proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id*. (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their

REPORT AND RECOMMENDATION - 3

prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three-strikes rule," contained in §1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id*. at 1155; *see El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) ("to constitute a strike, the denial of IFP status must be based on one of the enumerated grounds in the statute"); *but see Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055–58 (9th Cir. 2016) (dismissal of action including a claim that both sounds in habeas and seeks injunctive relief does not constitute a strike). Further, "[d]ismissal of an action and the subsequent dismissal of the appeal as frivolous amount to two separate strikes." *Richey v. Fleenor*, 2014 WL 5111588 (W.D. Wash Oct. 10, 2014). *See also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir.2002); *Moran v. Sondalle*, 218 F.3d 647, 651–52 (7th Cir. 2000) (frivolous appeals count as a strike); *O' Neal v. Price*, 531 F.3d 1146, 1154–55 (9th Cir. 2008) (The Ninth Circuit rejected the argument that filing an IFP application is distinguishable from initiating an action, and held where an IFP application is rejected pursuant to the screening provisions of § 1915(g) and the case is dismissed, such a dismissal may count as a "strike.").

REPORT AND RECOMMENDATION - 4

A.	Strikes Under 28 U.S.C. 1915(g)

A review of court records shows at least three of the cases Plaintiff filed while incarcerated were dismissed for failure to state a claim. This court may take notice of judicial proceedings in another court. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Plaintiff filed *Irby v. Munden, et al*. (Case No. 2:08-05078-EFS, E.D. Wash.) while incarcerated. During the screening process, this case was dismissed with prejudice for failure to state a claim upon which relief could be granted. As this case was dismissed for failure to state a claim, *Irby v. Munden, et al*. is Plaintiff's first strike.[1]

Plaintiff's second strike occurred in *Irby v. O'Neill* (Case No. 13-35258, 9th Cir.). The Court of Appeals for the Ninth Circuit denied Plaintiff's motion to proceed IFP as frivolous and Plaintiff was ordered to show cause why the court should not summarily affirm the district court's judgment upon payment of the filing fee. Plaintiff failed to pay the filing fee, and the appeal was dismissed.[2] *See El-Shaddai v. Zamora*, 833 F.3d 1036 (9th Cir. 2016) (citing 28 U.S.C. § 1915(g)) (The PLRA defines a strike-worthy dismissal as an "action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."); *O'Neal*, 531 F.3d at 1153 (when a court

---

[1] Although Plaintiff appealed *Irby v. Munden, et al*., (Case No. 09-35296, 9th Cir.), the appellate decision summarily affirmed the district court's dismissal and did not expressly state that the appeal itself was frivolous, malicious or failed to state a claim. Thus, the appellate decision does not count as a separate strike under three strike limitation on IFP proceedings under the PLRA. *See El-Shaddai v. Zamora*, 833 F.3d 1036 (9th Cir. 2016).

[2] The dismissal of the underlying district court case, *Irby v. O'Neill, et al.*, No 2:13-cv-0-197 (W.D. Wash. Mar. 11, 2013), is not a strike because it was based on the *Younger* abstention doctrine. *See Washington v. Los Angeles County Sheriff's Dept.*, 833 F.3d 1048, 1058 (9th Cir. 2016) (dismissal due to *Younger* abstention is not PLRA strike).

REPORT AND RECOMMENDATION - 5

disposes of an IFP complaint "'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee"); *Entler v. Wendt*, 2013 WL 2422750, at *2 (W.D. Wash. June 3, 2013) (finding a strike where IFP was denied at the appellate level because the appeal was frivolous and the appeal was dismissed for failure to pay the filing fee); *Thomas v. Beutler*, 2012 WL 5464631, *2 (E.D. Cal. Nov. 7, 2012) (counting a dismissal for failure to pay a filing fee a strike when the court of appeals denied the plaintiff's motion to proceed IFP because the appeal was frivolous and ordered the plaintiff to show cause why the court should not summarily affirm the district court's judgment upon payment of the filing fee).

Plaintiff's third strike occurred in *Irby v. State of Washington, et al.*, (Case No. 14-35750, 9th Cir.). The Court of Appeals for the Ninth Circuit denied Plaintiff's motion to proceed IFP because the appeal was frivolous and instructed Plaintiff if he wished to pursue the appeal, Plaintiff must pay the filing fee. Plaintiff did not pay the filing fee and the appeal was dismissed for failure to prosecute. Because the motion to proceed IFP was denied as frivolous, Plaintiff's appeal of *Irby v. State of Washington, et al.*, is his third strike. *See El-Shaddai*, 833 F.3d 1036; *O'Neal*, 531 F.3d at 1153; *Entler*, 2013 WL 2422750 at *2; *Thomas*, 2012 WL 5464631 at *2.

While incarcerated Plaintiff brought at least three actions which were frivolous, malicious, or failed to state a claim; therefore, regardless of the difficulties he has encountered at SCJC or if he is ultimately successful in obtaining his prison account statement from SCJC to submit with his IFP application, he is barred from proceeding IFP in this action unless he can also show he is exempt from the three-strikes rule because he is under imminent danger.

//

REPORT AND RECOMMENDATION - 6

**B.      Imminent Danger Exception**

The three-strikes rule does not apply if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint is filed. *Cervantes*, 493 F.3d at 1052. The imminent danger exception requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Id*. at 1056 (internal citations omitted). The Ninth Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id*. (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the threat is real and proximate. *Cervantes*, 493 F.3d at 1053 (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

Plaintiff alleges his constitutional rights are being violated because he is under camera surveillance in jail and because he must use an electronic phone system to communicate within the jail and to access library materials. Dkt. 1-1. Plaintiff does not allege a risk of any type of physical injury. Although he alleges that he suffers from chronic depression and suicidal thoughts, the Court notes that these appear to be ongoing mental problems that do not show Plaintiff "faced imminent danger of serious physical injury" at the time of filing" and therefore, the imminent danger exception does not apply. *Cf. Irby v. Gilbert,* et al. (Case No 16-35373, 9th Cir. 2016) (finding Plaintiff's allegations of the denial of medication, anxiety attacks, paranoia, and suicidal thoughts were sufficient to meet the imminent danger exception.).

And although Plaintiff references "voyeurism" and "PREA" (the Prison Rape Elimination Act), he has not alleged any facts to indicate that any loss of bodily privacy is unreasonable or unjustifiable under the circumstances. While an incarcerated prisoner retains a limited right to

REPORT AND RECOMMENDATION - 7

bodily privacy under the Fourth Amendment, that right must yield to the penal institution's need to maintain security. *Michenfelder v. Sumner*, 860 F.2d 328, 333, 338 (9th Cir. 1988) (no violation where employment of female guards was "reasonably related to prison needs" and observations of female guards were "limited," "indistinct," and "not so degrading as to warrant court interference."); *Grummet v. Rushen*, 779 F.2d 491 (9th Cir. 1985) (surveillance by female guards was reasonable under the circumstances because they were "restricted by distance," "casual in nature," infrequent, and irregular, and female guards only observed or participated in strip or body cavity searches in emergency situations).

Here, Plaintiff has not alleged any facts to indicate that any loss of bodily privacy is unreasonable or unjustifiable under the circumstances or is not reasonably related to legitimate correctional objectives, such as "the close and continual surveillance of inmates and their cells [that is] required to insure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. at 527-528. Indeed, the loss of privacy alleged in Plaintiff's Complaint is less intrusive than that alleged by the inmates in *Michenfelder*, 860 F.2d at 334, and *Grummett*, 779 F.2d at 492. In those cases, female guards were placed in positions that allowed them to observe male inmates while they were showering, using the toilet, or being strip searched, and the Ninth Circuit concluded there were no violations of the inmates' rights to privacy. *Michenfelder*, 860 F.2d at 329-334; *Grummett*, 779 F.2d at 492-496.

## CONCLUSION

Accordingly, the Court recommends the plaintiff's IFP applications (Dkts. 1 and 7) be denied and that he be directed to pay the $400.00 filing fee and if he fails to do so, that his case be dismissed.

A proposed order accompanies this Report and Recommendation. Objections, if any, to

this Report and Recommendation must be filed and served no later than **September 5, 2018.** If no objections are filed, the matter will be ready for the Court's consideration on **September 7, 2018**. Objections shall not exceed five (5) pages. The failure to timely object may affect the right to appeal. The Clerk shall send a copy of this Order to plaintiff.

DATED this <u>15th</u> day of August, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 9